WEBBER, APPELLANT, v. PETTY, APPELLEE.

OCCUPANTS—TOWN SITES.

The defendant's occupancy of a lot in a town, the site of which had been entered by the county judge under the provisions of sec. 2387, U. S. R. S., having been prior to that of the plaintiff or his grantor, and it not appearing that he had abandoned his claim, *held*, that, as between the parties, his was the better right.

*Appeal from the District Court of Pitkin County.*

THIS action was commenced by Henry Webber against William H. Petty, to determine the right to a title to a lot in the town of Aspen, the site of which had been entered by

the county judge under the provisions of sec. 2387 U. S. R. S.;
in trust for the use and benefit of the occupants thereof.   The
defendant recovered judgment, and the plaintiff appealed.

Mr. T. C. McDEVITT, for appellant.

No appearance for appellee.

REED, J., delivered the opinion of the court.

This suit was brought by appellant to determine the right
to a title to a lot in Aspen.   Both parties filed their respec-
tive claims to the property with M. G. Miller, county judge;
appellant on the 23d day of August, 1887, and appellee on
the 11th of the same month.   Appellant asked in the complaint
that he be declared the owner, and that the claim filed by
defendant be declared a cloud upon his title, and be removed.
A trial was had to the court without a jury.   The court
found for the defendant, decreeing him to be the owner and
entitled to a deed from the county judge.   The preliminary
questions involved were presented and determined in *Mayor
v. Land Co.*, 10 Colo. 191, and in *Wheeler v. Wade*, 1 Colo.
Ct. App. 66.   It is shown by the evidence that appellee en-
tered into the possession of the lot in May, 1880, and erected
a log cabin, the only improvement shown to have been made
to the time of the trial, and that on one or two occasions
appellee had temporary actual possession; that he remained
in Aspen until October of the same year, when he left,
and subsequently only visited the place occasionally,—inci-
dentally,—exercised no personal control, and had no personal
possession.   In the course of time it appears the roof and
door were removed from the cabin.   In July and August,
1883, one George W. Pearson, who testified that he had
known the property and appellee, and of his claim to the
property and ownership of the cabin since the spring of 1880,
took possession of the property, replaced the roof and door,
and used it as a stable for horses; that while so in possession

he saw appellee at Leadville, who spoke of the property, and of being the owner, expressing a wish to sell it, and authorizing Pearson to sell for him if he got an opportunity. It appears that Pearson neither asserted title in himself nor denied the title of appellee at that time. It is also shown that on May 13, 1884, Pearson sold the property, not as that of appellee, but as his own, and executed a quitclaim deed; that the title so attempted to be conveyed passed by mesne conveyances to appellant; that it was the only title he had, except a claim by payment of taxes. It is very doubtful if either showed such compliance with law as to be entitled to enter, but, the controversy having been confined to the two parties, and the right of one or the other conceded, the only question was, which had the better right? The right of Pearson could only be predicated upon abandonment by the former claimant. It is assigned for error and urged that the court erred in not finding the question or issue of abandonment in favor of appellant. The issue does not appear to have been relied upon at the trial, but it may have been; certainly no sufficient or competent evidence was introduced to establish the fact of abandonment. The judgment and decree of the court should be affirmed. Appellee may have been derelict in duty, careless, and have failed to comply with the law, but he was first in point of time, and had had, for two or three years, right and possession that was known and recognized by the grantor of appellant, while the origin of the supposed right of Pearson was not such as to commend it to the favorable consideration of courts.

*Affirmed.*